Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Adela Rothe

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELA ROTHE, an individual, | **Case No.:** '14CV0201 L    RBB |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SANTANDER CONSUMER USA INC. ; and DOES 1-10, | |
| Defendant. | |

///
///
///

COMPLAINT - 1

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; as well as Negligence and Intrusion Upon Seclusion.

2. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendants do business within the State of California, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

6. Plaintiff, ADELA ROTHE, ("Plaintiff"), formerly known as Maria Adela Saldana, is a natural person residing in the State of California.

7. Defendant SANTANDER CONSUMER USA INC., ("Defendant"), is a company doing business collecting debts in California operating from an address at 5201 RUFE SNOW DR, NORTH RICHLAND HILLS, TEXAS, 76180.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

///

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

10. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

## FACTUAL ALLEGATIONS

11. Sometime before January, 2009, Plaintiff is alleged to have incurred certain financial obligations.

12. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Sometime before January, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

14. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

15. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

16. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

17. The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code 1788.2(f).

18. On or about June 6, 2013, Defendant Santander sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and sent by and in the name of Defendant.

19. Nowhere within the letter dated June 6, 2011, and at no point within 5 days of this initial communication by Defendant, or at any time to date, did the Defendant provide written notice in compliance with 15 U.S.C. Section 1692g.

20. Because this omission violated the language in 15 U.S.C. Section 1692g, Defendant also violated, with respect to both plaintiff and her fellow class-members, Cal. Civ. Code Section 1788.17 because that section incorporates 15 U.S.C. Section 1692g.

21. Additionally, in Defendant's letter sent to, and received by, Plaintiff, Defendant's letter states that Plaintiff owes to Defendant $5,334.31.

22. By engaging in the above conduct, Defendant violated the language in 15 U.S.C Section 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

23. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

24. Because Defendant violated the language in 15 U.S.C. § 1692f(1) and e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f(1) and e.

25. On or about July 28, 2013, Defendant Santander sent, and Plaintiff received, another dunning letter addressed to Plaintiff's home and sent by and in the name of Defendant.

26. Defendant's letter sent to, and received by, Plaintiff, states that Plaintiff owes to Defendant $1,561.31.

27. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

28. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

///
///

29. Because Defendant violated the language in 15 U.S.C. § 1692f(1) and e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f(1) and e.

30. Plaintiff has received numerous telephone calls from Defendant. Each telephone is a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

31. In its contact with Plaintiff, Defendant has threatened, among other things, to have Plaintiff deported, even though Plaintiff legally resides within the United States.

32. By engaging in the above conduct, Defendant threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

33. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

34. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

35. Because Defendant violated the language in 15 U.S.C. § 1692e and d, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e and d.

36. Defendant attempted to collect an alleged debt that is an amount in excess of any amount owed by Plaintiff.

37. Defendant caused Plaintiff's automobile to be repossessed despite the fact that when Defendant caused Plaintiff's automobile to be repossessed, Plaintiff's account was not only current, but Plaintiff's

entire obligation under the contract for her automobile loan was satisfied and therefore, the automobile rightfully owned by Plaintiff outright.

38. By engaging in the above conduct, Defendant violated the language in 15 U.S.C § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

39. By engaging in the above conduct, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

40. Because Defendant violated the language in 15 U.S.C. § 1692f(1) and e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f(1) and e.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

# COUNT II
# ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
# (ROSENTHAL ACT)
# CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

45. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

# COUNT III
# INTRUSION UPON SECLUSION

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

47. Plaintiff had a reasonable expectation of privacy.

48. Defendant intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff, causing Plaintiff's vehicle to be repossessed when Plaintiff had already paid for the vehicle in full, and by threatening to have Plaintiff deported.

49. Defendant's intrusion would be highly offensive to a reasonable person.

50. Plaintiff was harmed by Defendant's conduct.

51. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

52. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's right to privacy.

53. Defendant acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

54. The actions taken by Defendant indicates a willingness to execute, maintain, and pursue improper business practices regardless of the actions of an alleged debtor.

55. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff the Defendant acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (C)(1),(2),(3).

## COUNT IV
## NEGLIGENCE

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

57. Defendant's outrageous and intrusive acts as described herein constituted negligence.

58. Defendant negligently inflicted emotional distress, aggravation, anxiety and financial harm to Plaintiff.

59. Defendant breached a duty imposed and failed to exercise ordinary care.

60. Defendant owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 *et seq.* and Title 15 USC 1692 *et seq.*).

61. The breach of such duty proximately caused injury to Plaintiff.

62. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.
63. Plaintiff is a member of the class of persons the statutes were designed to protect.
64. Defendant's conduct, as described herein, was wrongful conduct in that Defendant conducted its business in an abusive, oppressive, and harassing manner.
65. Defendant negligently trained, supervised, and retained, its employees and agents.
66. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress, anxiety and aggravation in that the Defendant's wrongful conduct has caused harm as described above.
67. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress
68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

**PRAYER FOR RELIEF**

69. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

    • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C.
       § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Any other relief that the court deems proper.

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

LAGUARDIA LAW

Dated: January 19, 2014    By: s/Eric A. LaGuardia
ERIC A. LAGUARDIA
And for
ANDRE L. VERDUN
Attorneys for Plaintiff,
Adela Rothe

JS 44 (Rev 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Adela Rothe

### DEFENDANTS
Santander Consumer USA Inc.

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tarrant, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric LaGuardia, 3245 University Ave, #1
San Diego, CA 92104
Tel: 619-655-4322

Attorneys *(If Known)*: '14CV0201 L    RBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
Debt collection in violation of federal and state statutes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 01/23/2014

SIGNATURE OF ATTORNEY OF RECORD: s/Eric LaGuardia

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____